## Practice of Beauty Culture

RENO, Attorney General, March 28, 1939.—We have before us for our consideration the question which you submitted involving the beauty culture law. Your question involves the following facts:

There are two or three girls in Ellwood City, Pa., who, although they do not operate out of a beauty parlor, vol-

untarily set hair for anyone in the community who comes to their homes. These girls do not charge for their services but they do accept donations. The memorandum raises the question of whether or not these girls are operating illegally, contrary to the beauty culture law. This opinion will apply whether such operators are licensed or unlicensed.

There does not seem to be any question as to whether or not these girls are practicing beauty culture as defined in section 1 of the Act of May 3, 1933, P. L. 242. Section 2 of the act provides, in part, as follows:

"It shall be unlawful for any person to practice . . . or to use or maintain any place for the practice . . . of beauty culture, for compensation, unless he or she shall have first obtained from the department a certificate of registration as provided in this act."

If these girls are not licensed and are doing the things covered by the act then they would be violating the act unless the receiving of donations shall not be construed as compensation.

Compensation is defined as "That which is given or received as an equivalent, as for services": Century Dictionary & Cyclopedia.

These girls accept a donation as an equivalent for their services and it is just not good common sense to say that they do not expect such donation in every case.

Accordingly, if they are not licensed and are operating as beauty culture operators and receive donations for the services rendered, they are violating the beauty culture law.

However, it may be that these girls are licensed operators and, therefore, we must go further in our discussion to determine whether or not they are breaking the law. Section 8 of the act provides:

"It shall be unlawful for any person to practice beauty culture for pay in any place other than a registered beauty shop: Provided, That a registered operator may

furnish beauty culture treatments to persons in residences of such persons by appointment."

You have advised us that the department has established the rule that persons who do house-to-house beauty culture work must be affiliated with a beauty shop.

Section 14 of the act authorizes the department to make sanitary rules for the practice of beauty culture. We quote the section in full:

"The department shall prescribe such sanitary rules as it may deem necessary, with particular reference to the precautions necessary to be employed to prevent the creating and spreading of infectious and contagious diseases; and it shall be unlawful for the owner or manager of any beauty shop or school of beauty culture to permit any person to sleep in or use for residential purposes any room used wholly or in part as a beauty shop or school of beauty culture."

We take it that the department has established the rule just referred to in connection with section 8 by reason of the authority contained in section 14.

So, even a licensed operator must be affiliated with a registered beauty shop before she may practice from house to house, and she must maintain a registered beauty shop at home before serving patrons there.

Section 17 of the act furnishes us with a much more serious problem. This section, in part, provides as follows:

"Nothing in this act shall prohibit . . . domestic administration without compensation . . .".

Do these girls come within the exception of this section?

We cannot find that domestic administration as such has been defined in this dictionary. Administer is defined "to give or apply; make application of; as to administer medicine, punishment, counsel, etc."

Domestic as an adjective has been defined as "homemade". For example, domestic medicine is medicine as practiced by unprofessional persons in their own families.

We believe that the expression "domestic administration" as used in the act is intended to cover the application of beauty culture as defined in the act in the same way as domestic medicine is defined, that is, by unprofessional persons in their own families. A mother or daughter or sister or friends of the family in the home no doubt would come under the exemption as intended in section 17. These girls do not.

Accordingly, we are of the opinion that practitioners of beauty culture are not permitted to practice beauty culture in their own homes unless they set up therein a beauty parlor that meets the sanitary rules and regulations of the department. This is true even though such practitioners do not make a charge for these services, but do accept donations.